## JOHN R. SHERWOOD vs. AARON M. REED.

The defendant had made a complaint against the plaintiff before a justice of the peace, alleging that he had threatened him with personal violence, and that he was n fear of him, and praying that he be required to give sureties of the peace. The plaintiff was acquitted by the justice, and brought an action against the defendant for a malicious prosecution. Held, in the latter case,—1. That the defendant might show the quarrelsome character of the plaintiff, to show that he had reason to fear that he would commit the violence threatened. 2. That he might show that the acquittal of the plaintiff was caused by the exclusion of legal evidence offered by the defendant. 3. That the judge properly charged the jury that upon the question of probable cause, they were to consider the fact of the exclusion of this evidence in connection with the fact of the acquittal.

TRESPASS ON THE CASE for a malicious prosecution, tried to the jury in the Superior Court before *Minor J.* Verdict for the defendant, and motion for a new trial by the plaintiff for errors in the rulings and charge of the court. The case is sufficiently stated in the opinion.

*Taylor* and *Sanford,* in support of the motion.

*Averill* and *Brewster,* contra.

PARK, J. The principal question on the trial of this case in the court below was, whether the defendant had probable cause to fear, and did fear, that the plaintiff would inflict bodily harm upon him ; that is, had he a reasonable ground of apprehension, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief, that the plaintiff would do what was laid to his charge in the criminal proceedings instituted by the defendant against him, and did he so believe ? *Wilmarth* v. *Mountford,* 4 Wash. C. C., 82 ; *Foshay* v. *Ferguson,* 2 Denio, 618 ; *Broad* v. *Ham,* 5 Bing. N. C., 722.

In order to prove the affirmative of this question, the defendant offered evidence to show that the plaintiff had made certain threats of personal violence against him ; and that the plaintiff was of such a character for quarrelsomeness that he would be likely to carry his threats into execution. The plaintiff objected to the evidence of character thus offered, but the court admitted it, provided the defendant could show that, at the time he instituted the proceedings against the plaintiff, he knew that such was his character.

It is obvious that the character of a threat depends very much upon the character of the party making it. Could it be claimed that a threat of violence coming from a powerful and ferocious pugilist is calculated to cause no more apprehension of bodily harm than if made by a feeble person, of a quiet, inoffensive and peaceable disposition ? The question is too clear for argument. See on this subject *Miller* v. *Brown,* 3 Misso., 127, and *Bostick* v. *Rutherford,* 4 Hawks, 83.

In the argument of the case the counsel for the plaintiff re-

quested the court to charge the jury that the trial and acquittal of the plaintiff before the justice was prima facie evidence of the want of probable cause. The court charged them that, in determining whether the defendant had acted without probable cause, they should take into consideration the facts of the trial and acquittal of the plaintiff before the justice, in connection with the other testimony offered upon that point. We see no error in this. It appears in the case that the defendant offered evidence to prove that the acquittal of the plaintiff was owing to the rejection of legal evidence by the justice. If this was true we think the fact of acquittal by the justice was not entitled to that consideration upon the question of a want of probable cause that it otherwise should have had, for the judgment of the court acquitting the accused was final, no appeal or writ of error being allowed to the prosecutor in such cases. We think therefore that the court very properly left the whole question to the jury.

We do not advise a new trial.

In this opinion the other judges concurred.