## Sutton *versus* Anderson.

1. In an action to recover damages for alleged malicious prosecution, the burden of proof is on the plaintiff to show want of probable cause and malice on the part of the defendant.

2. Where the plaintiff fails to shift the burden of proof, and especially where, as in this case, the facts testified to by the plaintiff himself showed that there was probable cause for the prosecution, the court should direct the jury to find for the defendant.

March 28th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, GREEN and CLARK, JJ. STERRETT, J., absent.

ERROR to the Court of Common Pleas No. 2, of *Philadelphia county :* Of January Term 1883, No. 270.

Case, by Robert A. Anderson against Frederick Sutton, to

recover damages for alleged false arrest and malicious prosecution.

On the trial, before FELL, J., the plaintiff on cross-examination, testified substantially as follows :—The plaintiff was a porter in defendant's store.  Upon one occasion, when delivering goods to a customer, he abused Sutton. · The latter, hearing of this, charged Anderson with having done so, and, upon his admitting it, discharged him.  Immediately thereafter Anderson went to a customer of Sutton's and exhibited samples of Sutton's coffee and told him " that Sutton & Co. delivered inferior goods to what they sold.  I meant that Sutton & Co. were swindling and cheating their customers.  I took them (the samples) the day before.  Sutton did not tell me to take them. He did not know I had them ; he did not tell me to go to Richardson and show those samples or use them in any way.  I returned to Sutton & Co.'s after a pair of shoes, about 4 o'clock in the afternoon.  Mr. Sutton asked me where I got those samples of coffee.  I told him I got them up stairs.  I delivered him those two samples.  After I delivered up the samples Mr. Sutton charged me with theft, and sent for an officer.  It was for stealing those particular samples that I was arrested."  The plaintiff was arrested about 5 o'clock in the afternoon, and was held in $500 bail on a charge of larceny.  He remained all night in a cell at the Central station.  The next day before the hearing, plaintiff " made an agreement with Mr. Vansant, Sutton's partner, that I would not interfere any more with their customers."  At the hearing, Sutton not appearing, the defendant was discharged.  He then brought this suit.

At the close of the plaintiff's case the defendant moved for a non-suit, which was refused.  He then submitted testimony, and subsequently presented the following point :—" Under all the evidence, if believed by you, there was probable cause for the arrest of Mr. Anderson, your verdict must therefore be for the defendant."  Refused.  Exception.  (First assignment of error.)

The court, in the charge, said, inter alia :

[By Mr. Anderson's testimony it appears, and he states, that he had a right to the possession of the samples which he had at the time ; that in addition to his duties as a porter in the store, he took samples and sold goods at night ; that at least upon one occasion Mr. Sutton had given him samples, wrapping them up and marking the prices upon them ; that he had these samples in his possession if not by direct authority of Mr. Sutton, at least by his implied authority ;] that when after he had left Mr. Sutton's employ, and after he had been in Mr. Richardson's store and returned to Mr. Sutton's store for the purpose of obtaining his shoes he was asked in relation to these samples,

he says that he at once stated that he had them in his possession—that they were samples that he had taken for the purpose of selling goods—and that he at once delivered them to Mr. Sutton. [Now if this is all—if this is just what took place at that time—the truth and the whole truth—a fair inference from it is that although Mr. Anderson the moment he left Mr. Sutton's employ should have returned the samples; that they were taken without any intent on his part to appropriate them to his own use ; and that there was no probable cause for his arrest based upon that state of facts.] (Fourth assignment of error.)

Verdict for plaintiff for $250, reduced by remittitur, on rule for a new trial, to $125, and judgment thereon. The defendant took this writ of error, assigning for error the refusal of his point, and the charge of the court as above quoted.

*John Walker Shortlidge*, for the plaintiff in error.

*E. Cooper Shapley*, for the defendant in error.

Mr. Justice GREEN delivered the opinion of the court, April 16th 1883.

A careful examination of the plaintiff's testimony has convinced us that he made out a clear case of probable cause for the prosecution against himself, and therefore that the defendant's point should have been affirmed, and a verdict directed for the defendant. The plaintiff himself testified that he was employed by Sutton & Co. at six dollars per week, that he was a porter, and that he did nothing but manual labor. He said he had never sold a dollar's worth of goods for Sutton & Co. while he was with them, that he once had samples which Sutton had given him on his own request stating that he would try and sell some to a friend. These samples were put up by Sutton, who delivered them personally to the plaintiff, and marked the prices on them. He further testifies that immediately after he was discharged he went to Richardson, who was a customer of Sutton & Co., that he had samples in his pocket which he showed to Richardson and told him that Sutton & Co. delivered inferior goods to those they sold, and that he meant that Sutton & Co. were swindling and cheating their customers. He admits that he had taken the samples from Sutton & Co.'s store from a lot of coffee that had just come in ; that Sutton did not tell him to take the samples, and that no person saw him take them. He further says that Sutton did not know that he (Anderson) had the samples, and that he did not tell him to show them to Richardson or use them in any way. He says also that he wrapped the samples in paper when he took them, put them in his pocket, kept them there

until he returned them to Sutton on the evening of the day he was discharged, and that it was for stealing those particular samples he was arrested.  He also testifies that when he returned in the afternoon to Sutton & Co.'s store for a pair of shoes, Sutton asked him where he got the samples of coffee from, and he replied he got them up stairs and thereupon Sutton charged him with theft, and sent for an officer.  Charles Miller, a witness produced and examined by the plaintiff, said he was present in the afternoon when Anderson returned to the store, and heard the conversation between him and Sutton and repeated it, as follows : " Mr. Sutton said, What have you been doing to-day ? What did you go to Richardson's for ? Where are those samples you showed him ? And where are those samples that you stole from up-stairs ? Anderson first said, I have no samples.  Mr. Sutton then said, Yes, you have, Richardson was here and told me all about it.  Then Anderson said, Yes, I have the samples.  Mr. Sutton then demanded the samples and received them from Anderson."

.It is not easy to conceive how a stronger case of probable cause than this could be made out.  The person who took the missing goods from the owner admits that he took them without the knowledge, authority or consent of the owner, that he took them secretly, that he used them for a purpose of revenge, that he kept them till he was charged with their theft, and his witness proves that when first asked for them he denied having them, but subsequently admitted having them and delivered them to the owner.  All the elements essential to prove larceny are present in this testimony ; the unlawful taking by one, of the property of another, without the knowledge or consent of the latter, and the conversion of the property taken to the use of the taker.  To make the matter worse the taker admits that he used the property for his own private and personal purpose of revenge against the owner.  The facts as proved by the plaintiff and his witness are far stronger than were the facts in the case of Bernar *v.* Dunlap, 13 Norr. 329, in which we sustained a compulsory non-suit.   There the prosecutor was simply informed by the word of a third person that he had seen the prosecutor's gauntlets in possession of the plaintiff, while here the plaintiff himself not only admits that he took the goods and took them secretly, but produced them from his pocket and delivered them to the prosecutor on demand of the latter, who immediately charged him with the theft and sent for an officer to arrest him.   Miller, the plaintiffs' witness, testified that Sutton charged the plaintiff with the theft in the first instance and that Anderson at first denied having them, but after being told that Richardson had told Sutton all about it, admitted that he had them and delivered them to Sutton

[Sutton v. Anderson.]

Anderson's allegation on the witness stand that he took the samples the day before he was discharged does not help his case in the least, as he does not say that he told that to Sutton, and he does not pretend that he had a general authority to take samples for any purpose. His statement that he took the samples to sell goods by is emphatically disproved by his own testimony that he used them with a customer of the house for the very purpose of preventing sales. It is not at all necessary to recur to Sutton's testimony to make out a case of probable cause. The burden of proving want of probable cause rested upon Anderson, and he must also prove malice: Kirkpatrick v. Kirkpatrick, 3 Wr. 288 ; Dietz v. Langfitt, 13 P. F. S. 234; Bernar v. Dunlap, 13 Norr. 329. The burden of proving probable cause was not shifted to the defendant in this case because the plaintiff established it by his own testimony, and when this is the case it is the clear duty of the court to so instruct the jury. This we held in both the cases of Dietz v. Langfitt and Bernar v. Dunlap, supra.

We think the learned judge was in error in the matter covered by the fourth assignment. It is certain that Anderson did not testify that he had a right to the possession of the samples, or that in addition to his duties as porter he took samples and sold goods at night. The statement of the learned judge to that effect would tend to mislead the jury and was hence erroneous. Nor do we think there was any conflicting testimony as to any material facts of the case. Upon the testimony of the plaintiff and his witness it is quite clear to us that probable cause for the prosecution was fully established. The abandonment of the prosecution was entirely explained by the testimony of Vansant, who said that Anderson promised he would go about his business and never mention the name of Sutton again, for reference or for any other purpose, if he, the witness, would induce Sutton not to carry on the prosecution, and that he did induce Sutton to take this course. The assignments of error are all sustained except the second and sixth.

Judgment reversed.