### MILES V. SALISBURY.

1. WIFE CANNOT RENDER HUSBAND LIABLE FOR MALICIOUS PROSECUTION.

A wife, in the absence of her husband, having charge of the home and general management of affairs, is not by virtue of that relation, and without any knowledge on his part whatever, authorized in his name to institute a criminal prosecution and thereby render him liable for damages for malicious prosecution.

2. PROBABLE CAUSE—MEANING OF.

Probable cause is defined as a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged. Therefore, in determining whether one who instituted a criminal prosecution had reasonable ground or probable cause, the surroundings, exactly as they were at the time, should be considered. If the person believed the facts as charged, and from the information he then had it was reasonable for him to rely thereon, he was authorized to institute the proceedings without making further inquiry.

**3. CHARGE REQUIRING FURTHER INQUIRY MISLEADING.**

In determining whether a party had reasonable cause for the institution of criminal proceedings the inquiry should be what did he know or believe at the time thereof, and was it sufficient to sustain such a belief, and a charge requiring such additional knowledge as might be ascertained by the exercise of ordinary care in inquiring into and investigating the truth of the charge made, is misleading.

**4. ERRONEOUS CHARGE AS TO PUNITIVE DAMAGES.**

In an action for malicious prosecution, a charge that "if in your judgment you think it to be a suitable case for inflicting punishment upon the defendant, you may add to it what is known as punitive damages, and assess such a sum against the defendant as you may find would be suitable punishment under the circumstances for causing the arrest of the plaintiff," thereby leaving to the jury the whole subject of determining whether punitive damages should be allowed at all, and, if so, without any instructions or limitations as to the extent, is improper.

**5. EVIDENCE OF CHARACTER OF PERSON ACCUSED.**

In an action for damages for malicious prosecution, as bearing upon the question of probable cause for the institution of criminal proceedings, evidence of facts relating to the character and standing of the person accused, which had come to the knowledge of the party making the charge, is competent.

**6. SAME.**

Evidence of the general reputation of a person accused of a crime in the neighborhood in which both parties reside, is competent as tending to establish knowledge of his character and standing on the part of the accuser, to show malice in the latter in an action for damages therefor.

**7. EVIDENCE OF GOOD CHARACTER OF ACCUSER.**

The plaintiff in an action for malicious prosecution has the right to introduce proof of his good character as evidence in chief.

*W. C. McFarland* and *J. M. Jones*, for plaintiff in error.

*J. N. Armor* and *W. S. Kerruish*, for defendant in error.

HALE, J.

This case is pending in this court on proceedings wherein it is sought to reverse the judgment of the court of common pleas. The judgment was rendered in favor of the defendant in error against the plaintiff in error in an action for a malicious prosecution. It is not claimed that the plaintiff in error in any way expressly authorized the institution of the criminal proceeding which it is now claimed to have been malicious. During the whole period over which the transaction extended, the plaintiff in error resided in the state of New York, or was in the city of New York, and had no knowledge whatever of the prosecution until after it had terminated. The responsibility of the plaintiff was maintained upon the ground that his wife, who was in charge of the home and the farm in the absence of the husband, and who did in fact institute this criminal proceeding, acted as agent of her husband, and by reason of such agency the husband was responsible for the prosecution. The vital questions in the case arise upon the charge of the court and the effect of the testimony upon the question of the agency of the wife.

After as careful review as we have been able to make, we find and hold that the court below erred in the charge given to the jury upon the effect to be given to the testimony tending to establish the agency of the wife, and also in refusing to charge request three upon the same subject. It simply presents this question, as to whether or not the wife, in the absence of the husband, having charge of the farm or home, having the

Miles v. Salisbury.

general management of affairs in the absence of the husband, is by virtue of that relation, authorized in his name to institute a criminal prosecution and make him thereby liable for such prosecution; and while the question may be debatable, we differ with the court upon that question. We think that no such liability can be inferred simply from such relation, and nothing further was shown in the case.

Again, that part of the charge that I will now read is certainly open to criticism. We adopt the definition of "probable cause" given by the court in Ash v. Marlow, 20 Ohio, 119: "A reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged," that is, a belief in the truth of the charge, founded upon a reasonable ground to support that belief, is sufficient.

So that I suppose, in determining whether one who instituted a criminal prosecution had reasonable ground or probable cause to institute such proceedings, we consider the surroundings of that individual exactly as they were at the time, and if he really did believe in the fact as charged, and from the information he then had it was reasonable for him to rely upon those facts, he might institute the proceedings without making further inquiry. But the court said: "You are to determine as to whether or not Mrs. Salisbury acted maliciously in thus instituting this criminal proceeding by the facts and circumstances known to her and the surroundings at the time of the arrest, and in determining both of these questions (that is, probable cause and malice) you have a right to take into consideration and charge Mrs. Salisbury with knowing, not only such facts as she actually knew, but such facts as she might by the exercise of ordinary care have ascertained by way of an investigation of the matter, and so in determining malice you are to take into consideration the facts and circumstances known to her, and such facts as she might have ascertained by the exercise of ordinary care in inquiring into and investigating the subject or truth of the charge which she made against the plaintiff, and from these facts and circumstances say as to whether she acted maliciously, and acted without probable cause."

In determining whether the party had probable cause, the inquiry should be, what did she know at the time, and what did she know or believe, and was it sufficient to sustain such a belief. We hold that this part of the charge was misleading.

Again, after giving to the jury the rule for the assessment of compensatory damages, with which no fault is found, the court said this: "And, if in your judgment you think it to be a suitable case for inflicting punishment upon the defendant, you may add to it what is known as punitive damages, and assess such a sum against the defendant as you may find would be suitable punishment under the circumstances for causing the arrest of the plaintiff." Without any explanation of the class or kind of cases in which punitive damages may be awarded, without any statement of the rules of law by which the jury were to be governed in the assessment of such damages in a proper case, and without any explanation to the jury of the grounds upon which punitive damages could be awarded in this case, the court left to the jury the whole subject of determining whether punitive damages should be allowed at all, and if so, to what extent, without any limitations whatever. This we think was error. We think it cannot be justly claimed that the jury received proper instructions upon this branch of the case.

Again, there is complaint made of various rulings in the rejection and admission of evidence, and our attention has been called by a carefully prepared brief to each one of these rulings of which complaint is made. There are about fifty of them. Having found error in what we regard the vital point in the case, we have not deemed it essential to carefully consider each one of these rulings.

It is claimed by plaintiff in error that the court erred in allowing proof of the good character of the plaintiff below as evidence in chief. This court at a former term sustained the right to the introduction of such testimony, and we now adhere to that ruling. We do not think. the case of Blakeslee v. Hughes, 50 Ohio St., 490 34 N. E. Rep. 793], is in point.

And one of the questions here is, whether or not the plaintiff in error had "probable cause" to institute criminal proceedings against the defendant in error. Bearing upon that question, it was proper to show the character and standing of the defendant in error which had come to the knowledge of the plaintiff in error. It was a circumstance properly to be considered by the jury in determining as to whether or not there was "probable cause" for the commencement of the prosecution. Nor will it answer to say that there was no evidence offered in the case that the plaintiff in error had knowledge of the character of the defendant in error. The evidence of his general reputation in the neighborhood in which both plaintiff and defendant resided, is some evidence tending to establish such knowledge—at all events we do not think the court erred in the admission of this testimony.

There are some other questionable rulings on the rejection and admission of evidence which, if we were not reversing the case for other errors, we would feel bound to more carefully consider; and we by no means wish to be understood as approving of such rulings. For the reasons specified the judgment of the court of common pleas will be reversed and the cause remanded for new trial.