## CARROLL v. CENTRAL R. CO. OF NEW JERSEY.

### (Circuit Court, E. D. Pennsylvania. January 26, 1905.)

### No. 59.

**1. MALICIOUS PROSECUTION—ACQUITTAL—EVIDENCE—COMPROMISE.**

In an action for malicious prosecution, evidence that the direction of plaintiff's acquittal in the prosecution was the result of a compromise in the disposition of a case against plaintiff and certain others, not tending to contradict the record, was admissible as bearing on the question of probable cause.

**2. SAME—PRIMA FACIE EVIDENCE.**

Where, in an action for malicious prosecution, there was evidence that plaintiff's acquittal, which was directed by the court, was the result of a compromise in a prosecution against plaintiff and others, such acquittal was not conclusive of plaintiff's innocence or of want of probable cause.

**3. SAME—CHARACTER—EVIDENCE.**

In an action for malicious prosecution, plaintiff was not entitled to introduce evidence of his good character before his character had been attacked.

**4. SAME—DIRECTION OF VERDICT.**

Where, in an action for malicious prosecution, the facts as proved were sufficient to rebut the presumption of want of probable cause arising from plaintiff's acquittal, the court would have been warranted in directing a verdict for defendant.

T. Foster Thomas, for plaintiff.
Arthur G. Dickson and William A. Glasgow, Jr., for defendant.

HOLLAND, District Judge. Winfield Carroll, the plaintiff in this case, was arrested for an alleged larceny of goods from a freight train of the defendant company on the 13th day of July, 1903. A hearing was had before a magistrate in Bethlehem, Lehigh county, Pa., and he was held for court upon the charge made against him. Subsequently a grand jury indicted him for this offense, and he was tried, with four other persons, before a jury of that county. At the trial of the case, after the evidence had been submitted for the prosecution, by agreement with the district attorney the court instructed the jury to acquit the defendant. Two of the other defendants were convicted of the offense. Carroll then brought suit in this district against the defendant railroad company, whose agent made the arrest, for malicious prosecution; and at the trial of the case all the facts in connection with his arrest, trial, and acquittal were given by the plaintiff and his witnesses for the purpose of showing the termination of the criminal prosecution and the want of probable cause. The evidence for the defense was to the effect that Carroll had been seen in this vicinity by the agent who swore out the warrant, in company with the men who had been arrested and tried with him on the criminal charge, near the railroad, about a fire, warming themselves, a day or two before the car was robbed, and was in company with these men when arrested. It was also established by the agent who made the arrest that upon his investigation he ascertained from a reputable witness, a citizen and resident in the town of Bethlehem, that he was sitting at his window

the night of the robbery, and saw Carroll, about 3 o'clock in the morning, in company with three other men, who had the goods in their possession, and saw him divide some of the goods with one of them, in front of witness' window. It was also shown that Carroll was a resident of Philadelphia, and his presence and associations at the place of robbery were such as to fairly warrant the agent in assuming the correctness of the information obtained in his investigation prior to the arrest. In fact, the evidence fully established the fact that the officer acted with prudence and caution, and was fully justified in swearing out the warrant and arresting Carroll. This was fairly submitted to the jury on the question as to probable cause, and the jury found in favor of the defendant.

The reasons assigned for a new trial are: (1) The verdict was against the law and the weight of the evidence. (2) Error to the ruling of the court in permitting the defendant to show what occurred at the trial of the criminal case against the plaintiff in Allentown, and that the court instructed the jury in that case to acquit the defendant; two of the other defendants changing their plea from that of not guilty to that of guilty. (3) Error to the charge of the court in instructing the jury as follows: "It is not necessary, after he has been arrested and tried, that that person shall secure a conviction, because the matter of a conviction is entirely outside of the question of probable cause." (4) In refusing to allow the plaintiff to prove his good character. (5) Because the court emphasized the defendant's, and slighted the plaintiff's, evidence, in its charge to the jury.

As I am of the opinion that the verdict was justified by the evidence and according to law, it is not necessary to make further comment upon the first reason for a new trial.

As to the second reason, the court permitted the defendant to show the facts and circumstances as to how it came about that the judge directed a verdict of acquittal to be rendered against Carroll in the criminal prosecution, as it did not in any way contradict the record, which showed that fact; and as the evidence tended to show that there was something of a compromise in the disposition of the whole case— two of the defendants pleading guilty, and, as to Carroll and another defendant, the court directing the jury to acquit them—we think this evidence competent to show how this acquittal came about, as bearing on the question of probable cause. Auer v. Mauser, 6 Pa. Super. Ct. 618.

Third: The fact of Carroll's acquittal in Lehigh county, and the manner of its being accomplished, together with all the facts, were submitted to the jury, and he had the advantage of the prima facie effect of his acquittal in his effort to establish want of probable cause. The acquittal is not conclusive of his innocence, or want of probable cause. It is a matter more to be proven for the purpose of showing a favorable termination of the case, as an unfavorable termination of a criminal prosecution is a bar to an action for malicious prosecution, unless fraud or irregularity in the conviction be established. And while it is true that it is held in the Pennsylvania cases that an acquittal, if there be no compromise, is prima facie evidence of want of probable cause, yet the best considered cases are those which hold that an ac-

quittal is simply evidence for the purpose of establishing a favorable termination of the criminal prosecution, which is necessary prior to the institution of a suit for the recovery of damages. We do not think that the plaintiff was injured in the instructions given to the jury, complained of in the third reason for a new trial.

Fourth and fifth: There was very little evidence submitted by the plaintiff to show a want of probable cause. In fact, some of it corroborated the defendant's contention.

The offer of evidence on the part of the plaintiff to prove good character before it had been attacked was properly ruled out. The plaintiff was a resident of Philadelphia, not known to the parties in Allentown, and the arrest was made after a thorough investigation and ascertainment of the incriminating facts and circumstances, all of which were established by the evidence at this trial. The evidence to show good character was immaterial, under the circumstances, and was ruled out for the reason that the law presumed he had a good character until it was attacked. This ruling is in accordance with Elliott on Evidence, § 324; McIntire v. Levering, 148 Mass. 546, 20 N. E. 191, 2 L. R. A. 517, 12 Am. St. Rep. 594; Skidmore v. Bricker, 77 Ill. 164.

The question of probable cause is a mixed question of law and fact. Where the facts as proved at the trial are sufficient to rebut the presumption of want of probable cause arising from the termination of the transaction favorably to the plaintiff, it is the duty of the court to direct a verdict for the defendant; and in this case there was really no dispute either as to these facts and circumstances being in the possession of the agent of the defendant before he brought the criminal prosecution, or as to there being sufficient in law to justify his actions. The court in this case would have been warranted in directing a verdict for the defendant. Ruffner v. Hooks, 2 Pa. Super. Ct. 278; Sutton v. Anderson, 103 Pa. 151.

Motion for a new trial overruled.