## Louisville & Nashville Railroad Company and Curt Jones v. Owens.

### Same v. Parsons.

(Decided May 7, 1915.)

## Appeals from Whitley Circuit Court.

1. Principal and Agent—False Arrest—Malicious Prosecution—Corporation—Liability.—A corporation is liable for a false arrest or malicious prosecution made or instituted by an agent while engaged in the course of his employment and within the scope of his authority.

2. Railroads—Watchman—False Arrest—Malicious Prosecution—Liability of the Company.—A railroad company is liable in damages for a false arrest or malicious prosecution, made or instituted by a watchman employed to protect its property and arrest offenders, while acting solely in furtherance of the company's business and in its interest, although such watchman may also be a public officer.

3. Malicious Prosecution—Probable Cause—Evidence.—A statement made by a person to an arresting officer that plaintiffs had sold him whiskey is not sufficient to show that the officer had reason-

able grounds for believing that plaintiffs had stolen the whiskey from a common carrier, and to show probable cause as a matter of law, where the arresting officer admits that he did not believe plaintiffs guilty; and it is clear from his evidence that they were not arrested for such an offense.

4. Malicious Prosecution—Evidence—Reputation.—In actions for malicious prosecution, evidence of the good reputation of plaintiff is admissible in chief for the purpose of showing want of probable cause.

5. Malicious Prosecution—Evidence—Res Gestae.—In an action against a railroad company and its watchman to recover damages for false arrest and malicious prosecution, statements made by the watchman and bearing on the question of malice and probable cause, are admissible in evidence under the res gestae rule, but statements made by the arresting officer after the plaintiffs were discharged, are admissible against him only, and the court should so admonish the jury.

6. Jury—Vacancies—Bystanders—Section 2247, Kentucky Statutes. —Under Section 2247 of the Kentucky Statutes, a judge may direct the sheriff to summon bystanders to supply vacancies in the jury only when the number of vacancies do not exceed three.

7. Jury—Empanelling—Section 2261, Kentucky Statutes.—Trial courts are authorized to discharge only the regular first panel of the jury after they shall have served one week and empanel another jury. They are without authority to discharge the new jury thus empanelled after a week's service and empanel another jury for the succeeding week and continue this practice for each week of the term.

8. Jury—Empanelling—Selection—Error.—Where the trial court selects and supplies more vacancies in the jury panel from bystanders than the statute permits, and after discharging the first regular panel, after one week's service, empanels a new jury and discharges the new panel after a week's service, and contrary to the statute continues this practice for each week of the term, and the case on trial is tried by the sixth jury thus selected, and the question is properly raised by motion to discharge the panel, the method employed is prejudicial error authorizing a reversal of the judgment.

9. Malicious Prosecution—Malice—Instruction.—In an action for malicious prosecution, an instruction defining malice as "the doing of a wrongful act without reasonable excuse or justification" is erroneous. In such an action malice is "the intentional doing of a wrongful act to the injury of another, with an evil or unlawful motive or purpose."

H. H. TYE and BENJAMIN D. WARFIELD for appellants.

J. M. ROBSION for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

These two appeals, growing out of the same transaction and involving the same facts and questions of law, have been consolidated and will be considered in one opinion. They are suits to recover damages for false arrest and malicious prosecution. Plaintiff Owens recovered a judgment for $1,500.00 and plaintiff Parsons for $325.00 against the defendants, Louisville & Nashville Railroad Company, and its employe, Curt Jones.

Briefly stated, the facts are these: A quantity of whiskey had been stolen from one of defendant's freight cars at Corbin. Jones was a deputy sheriff of Whitley County and was also employed by defendant as a watchman in its Corbin yards. He gave about one-half of his time to each of said employments. A search resulted in the discovery of some of the whiskey in a trunk in a room occupied by J. O. Enix. Enix was apprehended. Enix admitted having the whiskey in his possession, but denied that he stole it. He claimed that he had bought it from another man, whom he could identify if given an opportunity to do so. Jones accompanied Enix into the railroad yards, where some men were congregated, for the purpose of giving Enix a chance to identify the man from whom he bought the whiskey. While walking down the railroad tracks they came upon some car repairers who were working on a freight car. Among them was the plaintiff Owens. Enix told Jones that Owens was the man from whom he bought the whiskey. Owens denied his guilt. Jones told Owens to come along with him. Enix claimed that another man was engaged with Owens in the whiskey transaction. The party then went to Owens' house. Plaintiff Parsons was taken by them. From there they went to various places in the town and finally landed at the police court. According to plaintiff's evidence, Jones went into the private room of the police judge with Enix and told the judge that Enix wanted to swear out a warrant for Owens and Parsons. A warrant for selling whiskey in violation of the local option law was issued. Jones executed the warrant on Owens and Parsons. Owens and Parsons were subsequently released on bond. They were tried the next day and dismissed. Enix was held over to the grand jury on a charge of breaking into the car and

stealing whiskey. Soon thereafter he broke jail and escaped. Jones says that in making the arrest he was acting as a watchman for the railroad company.

It is well settled that a corporation is liable for false arrest or malicious prosecution made or instituted by an agent, while engaged in the course of his employment and within the scope of his authority. Mechem, Agency, Section 741, page 582; Williams v. Planters' Ins. Co., 57 Miss., 759, 34 Am. Rep., 494; Vance v. Erie R. Co., 32 N. J. L., 334; Iron Mountain Bank v. Mercantile Bank, 4 Mo. App., 505. So it is held that where a corporation selects an agent to detect and arrest offenders, it is responsible for acts of the agent committed within the general scope of his employment and in furtherance of the master's business, although the agent may have violated instructions and arrested an innocent person. Pennsylvania Company v. Weddle, 100 Ind., 138; Harris v. Louisville N. O. & T. R. Co., 35 Fed. Rep., 116; Evansville & T. H. R. Co. v. McKee, 99 Ind., 519, 50 Am. Rep., 102. Here Jones was not only a public officer, but was engaged in performing special service for the company. It is clear from his evidence, not only that he had authority to protect the company's property and to make arrests, but that he was acting solely in the furtherance of the company's business and in its interest on the occasion in question. McKain v. Baltimore & O. R. Co. (W. Va.), 64 S. E., 18, 23 L. R. A. (N. S.), 289, and note.

It is insisted for the defendant that the trial court should have held, as a matter of law, that there was probable cause for making the arrest. This argument is based on the code provision authorizing an arrest without a warrant when the officer has reasonable grounds to believe that a felony has been committed. Section 36, Criminal Code. And on the assumption that the statement of Enix to Jones that he had bought the whiskey from Owens and Parsons furnished reasonable grounds for Jones to believe that Owens and Parsons had committed a felony by stealing the whiskey from a common carrier. In reply to this argument it is sufficient to say that it is clear from Jones' evidence that he did not arrest plaintiffs for the offense of stealing from a common carrier. On the contrary, while he had plaintiffs under arrest he repeatedly stated that he did not believe they were guilty, and also made the same statement on the witness stand. Under these circum-

stances, it cannot be said that the statement of Enix to the effect that he had bought the whiskey from plaintiffs constituted probable cause for their arrest.

Complaint is made of the alleged error of the trial court in admitting evidence of the good reputation of one of the plaintiffs when his reputation had not been attacked by defendant. It is the general rule, of course, that in civil actions, evidence of general reputation is not admissible unless the proceedings be such as to put the reputation of the parties directly in issue. Evans v. Evans, 93 Ky., 510. However, it is generally held that in actions for malicious prosecution the bad reputation of the plaintiff has a direct bearing on the question of probable cause, and for this reason may be shown, especially in cases where such reputation was known to the defendant when he instituted the prosecution. Gregory v. Thomas, 2 Bibb., 286; Martin v. Hardesty, 27 Ala., 458, 62 Am. Dec., 773; Sherwood v. Reed, 35 Conn., 450, 95 Am. Dec., 284; Rosenkrans v. Barker, 115 Ill., 331; 3 N. E., 93, 56 Am. Rep., 169; Israel v. Brooks, 23 Ill., 575; Bacon v. Towne, 4 Cush., 217; Martin v. Corscadden (1906), 86 Pac., 33; Gee v. Culver, 13 Ore., 598, 11 Pac., 302; Vinal v. Core, 18 W. Va., 1. It is also held that where damages are sought for injury to the plaintiff's reputation, the bad reputation of plaintiff may be shown in mitigation of damages. Rosenkrans v. Barker, *supra;* Fitzgibbon v. Brown, 43 Me., 169; Gregory v. Chambers, 78 Mo., 294; O'Brien v. Frasier, 47 N. J. L., 349; 1 Atl., 465, 54 Am. Rep., 170; Finley v. St. Louis Refrigerator, etc. Co., 99 Mo., 559, 13 S. W., 87.

While it is held that the good reputation of plaintiff may not be shown until it is attacked (Carroll v. New Jersey Central R. R. Co., 134 Fed., 684), the decided weight of authority and the better reasoning is to the effect that the good reputation of the plaintiff has a direct bearing on the question of probable cause, and that there is no good reason why it may not be shown in chief. Blizzard v. Hays, 46 Ind., 166, 15 Am. Rep., 291; McIntire v. Levering, 148 Mass., 546, 20 N. E. 191, 12 Am. St. Rep., 594, 2 L. R. A., 517; Thurkettle v. Frost, 137 Mich., 649, 100 N. W., 283; Shea v. Cloquet Lumber Co., 97 Minn., 41, 105 N. W., 552; Miller Bank v. Richmon, 64 Nebr., 111, 89 N. W., 627; Miles v. Salisburg, 21 Ohio Cir. Ct., 333, 12 Ohio Cir. Dec., 7; Johnson v. McDaniel, 5 Ohio S. & C. Pl. Dec., 717, 7 Ohio N. P.,

467; Glace v. Hummel, 10 Pa. Dist., 110, 24 Pa. Co. Ct., 550, 4 Dauph. Co., Rep. 1; Woodworth v. Mills, 61 Wis., 44, 20 N. W., 728, 50 Am. Rep., 135; Banker v. Ford, 152 Ill. App., 12; San Antonio, &c. R. Co. v. Griffin, 20 Tex. Civ. App., 91, 48 S. W., 542.

Complaint is made of the admission of evidence of certain statements made by Jones while plaintiffs were being detained and prior to their discharge. All these statements had a direct bearing on the question of malice and probable cause, and having been made while Jones, as the agent of the railroad company, had plaintiffs under arrest such statements were properly admissible under the *res gestae* rule. However, any statements made by Jones after plaintiffs were discharged from custody were admissible against him only and the trial court should have so admonished the jury.

One of the chief grounds urged for a reversal is the failure of the trial court to impanel and select the jury in conformity to the statute. The impanelling and selection of the jury are attacked on two grounds: (1) The filling of too many vacancies from bystanders; (2) the empanelling of a new jury during the sixth week of the term. In each case the question was properly saved by a motion to discharge the panel.

Section 2247 of the Kentucky Statutes, after providing, in effect, that whenever there is a shortage of jurors during a term, the judge shall resort to the drum or wheel case for the names of jurors to supply the places of such as are excused or fail to attend, and that extra jurors so drawn shall be summoned by the sheriff, contains the following provision: "Provided, That when the number of vacancies does not exceed three, the judge may direct the sheriff to summon bystanders to supply the vacancies." In the Owens case four bystanders were summoned. Two of them remained on the jury of twelve, and both signed the verdict. In the Parsons case twelve bystanders were on the panel of eighteen. Seven remained on the jury after the challenges had been exhausted.

Prior to the present act the statute regulating the discharge of jury panels provided as follows:

"The court may discharge the regular first panel of a jury after they shall have served one week, and direct another panel of twenty-four to be summoned for the succeeding week, and so on for each week of the

term; said panel may be taken from the original list returned by the jury commissioners, in the order in which their names are recorded in said list; in like manner may a deficit in any panel be made up when a selected juryman is excused, or fails from any cause to attend on the day specified in the summons.'' General Statutes, Chapter 62, Art. 4, Sec. 8.

The present statutes provide:

''The court may discharge the regular first panel of a jury after they shall have served one week, and empanel another jury, as herein provided.'' Section 2261, Ky. Statutes.

The trial court not only discharged the first regular panel, but discharged each subsequent panel at the end of a week's service, and empaneled a new jury for the following week. These cases were tried by the sixth jury thus empaneled. It will be observed that the old statute authorized the empaneling of new juries at the end of each week, while the present statute gives authority to discharge the regular first panel after they shall have served one week and then empanel another jury. It is the rule that where a new statute is enacted to take the place of an old statute, a material change between the two cannot be passed over by the courts as insignificant. On the contrary, where an entire clause in an old statute is omitted from the new, it is the reasonable inference that the Legislature did not intend that the clause omitted should thereafter be embraced in the terms of the statute. National Bank of the Republic v. Current, 142 Ky., 353; Traders Deposit Bank v. Henry, &c., 105 Ky., 707. We, therefore, conclude that the Legislature intended to discontinue the practice of summoning a new jury for each week of the term and to confine the authority of the trial judge to discharging the regular first panel after they shall have served one week. It will be seen, therefore, that the method adopted by the trial court in empanelling new juries and discharging them is not authorized by the statute. The purpose of the present statute regulating the empanelling and selection of juries is to dispense, as far as possible, with the professional juror, who is generally present as a bystander for the express purpose of being summoned. To accomplish this purpose a substantial compliance with the statute is necessary. With this end in view, parties have the legal right to have their cases tried by juries empanelled and selected in

conformity with the statutes. When, therefore, as in this instance, it appears that the statute enacted for the purpose of securing fair and impartial jurors has been substantially disregarded and the question has been properly raised, the court will not stop to speculate on whether the complaining party was actually prejudiced or not by the method employed. It is sufficient to say that he has been deprived of a statutory right, and this of itself is prejudicial error authorizing a reversal of the judgment. Risner v. Commonwealth, 95 Ky., 539.

The instructions are long and we do not deem it necessary to set them out. It is sufficient to say that, with the exception of the instruction defining malice, they fairly and clearly present the law of the case. Malice is defined as "the doing of a wrongful act without reasonable excuse or justification." This is not the correct definition of malice in actions for malicious prosecution. In such actions the unlawful purpose is an indispensable element. On another trial the court, in lieu of the instruction referred to, will tell the jury that malice is the intentional doing of a wrongful act to to the injury of another, with an evil or unlawful motive or purpose. Schwartz v. Boswell, 156 Ky., 103; Metropolitan, &c. v. Miller, 114 Ky., 754; Ahrens & Ott Mfg. Co. v. Hoeher, 106 Ky., 692; Keiner v. Collins, 161 Ky., 696.

Judgment reversed and cause remanded for a new trial consistent with this opinion.