# Cincinnati, New Orleans and Texas Pacific Railway Company v. McWhorter.

(Decided June 19, 1925.)

## Appeal from Boyle Circuit Court.

1. Appeal and Error—Decision on Prior Appeal as to Admissibility and Sufficiency of Evidence to go to Jury is Law of Case.—Decision on prior appeal, holding almost identical testimony, sufficient to go to jury, and that certain testimony is competent, is law of case.

2. Damages—Instruction as to Measure of Damages Recoverable Under Federal Employers' Liability Act Held Erroneous for Failure to Incorporate Principle of ·Present Values.—In action under federal Employers' Liability Act (U. S. Comp. Stats., sections 8657-8665) for injuries sustained by railroad engineer, instruction permitting plaintiff to recover an amount which would compensate him "for the loss of what he would otherwise have earned . . . and has been deprived of the capacity of earning . . . " held erroneous for failing to incorporate principle of present value of such future earnings.

3. Damages—Measure of Damages Recoverable Under Federal Employers' Act is Furnished by Law as Administered in Federal Courts.—The rule for measuring damages recoverable under federal Employers' Liability Act (U. S. Comp. Stats., sections 8657-8665) is furnished by law administered in federal courts.

4. Jury—Denial of Motion that Jury be Selected in Accordance with State Statute in Action Under Federal Employers' Liability Act Held Error.—In action under federal Employers' Liability Act (U. S. Comp. Stats., sections 8657-8665), denial of motion that jury be selected in manner provided by Ky. Stats., sections 2264, 2265, held error.

5. Trial—Refusal to Discharge Jury Because of Receipt of Evidence Against a Co-Defendant as to Whom Case was Subsequently Dismissed Held Error.—In action under federal Employers' Liability Act (U. S. Comp. Stats., sections 8657-8665) against railroad and its employee, a tower man operating a semaphore, for injuries sustained by engineer who jumped from runaway train because semaphore was turned against train, where plaintiff, shortly after making proof of statements made by individual defendant, which were very damaging to railroad and specifically limited by court to case against individual defendant, dismissed as to such defendant, and immediately called him as a witness, thus precluding a denial of statements previously established, held harmful effects of the statements made were not cured by additional ad-

monition of court not to consider, and it was error to refuse to discharge jury.

GALVIN & TRACY, EDW. COLSTON, CHAS. H. RODES and NELSON D. RODES for appellant.

J. W. HARLAN, HENRY JACKSON, GEO. E. STONE and JOHN D. CARROLL for appellee.

Opinion of the Court by Drury, Commissioner— Reversing.

The appellee recovered a judgment against appellant for $25,000.00, which it is asking us to reverse. This is the second appeal of this case. The opinion on the former appeal is in 203 Ky. 252, 262 S. W. 253, and a reference to it will give the facts out of which this litigation arose better than we can give them now, so we shall at once begin the consideration of those actions of the trial court which appellant contends are erroneous.

As the evidence on this trial was almost identically the same as on the former trial, the defendant's motion for a peremptory instruction to find for it was properly overruled. The defendant complains of certain evidence as incompetent, but that same evidence was heard before, and the opinion in the former case is now the law of this case.

The action of the trial court in refusing instructions "A," "B," "B1," "C," "D," "E," "F," "G," "H," "I," "K" and "L" offered by the defendant was correct, as such offered instructions would not have submitted to the jury the question this court said should have been submitted.

Instructions 1, 2, 4 and 5 offered by the plaintiff and given over defendant's objection, and instruction "M" offered by defendant and given by the court, submitted to the jury in apt and unmistakable language the question of defendant's responsibility for McWhorter's injuries; but we cannot approve instruction 3, given as the measure of damages. It is:

"If you find for the plaintiff you will find for him such a reasonable sum as will compensate him for his pain and suffering, if any, up to the 7th day of February, 1922, the date of the filing of the petition herein, and will also be a fair recompense for the loss of what he otherwise would have earned in

his trade and profession, and has been deprived of the capacity of earning by the wrongful act of the defendant, if any; the whole of your finding, however, not to exceed the sum of $50,000.00.''

This is practically the same as instruction 4 given on the first trial, and of which this court in its former opinion said:

"Instruction No. 4 as to the measure of damages was based on a common law recovery. In another trial as to the railway company, it will be made to conform to the views expressed in Ohio Valley Electric Ry. Co. v. Brumfield's Admr., 180 Ky. 751, 203 S. W. 541, and N. C. & St. L. Ry. Co. v. Henry, 158 Ky. 88, 164 S. W. 310.''

This court by that meant that the statement of the law as contained in the Henry case should be accepted as qualified and explained in the later Brumfield case. The cause of action sued on in this case is one created by the act of Congress known as the Federal Employers' Liability Act (U. S. Comp. Statutes, sections 8657-8665), and the rule for measuring damages recoverable under the federal statute is furnished by the principles of law administered in the federal courts. As said by the U. S. Supreme Court in C. & O. Ry. Co. v. Kelly, 241 U. S. 485, 36 S. Ct. 630, 60 L. Ed. 1116, L. R. A. 1917F 367.

"The question of the proper measure of damages is inseparably connected with the right of action, and in cases arising under the Federal Employers' Liability Act it must be settled according to general principles of law as administered in the federal courts.''

One of the general principles just referred to is the principle of "present values.'' As expressed by the Supreme Court in the Kelly case, *supra*:

"In computing the damages recoverable for the deprivation of future benefits, the principle of limiting the recovery to compensation, requires that adequate allowance be made according to the circumstances, for the earning power of money; in short, that when future payments or other pecuniary benefits are to be anticipated, the verdict should be made upon the basis of their present value only.''

This instruction as the pleadings now are should have been something like this:

"If you find for the plaintiff, you will find for him such a reasonable sum as will compensate him for his pain and suffering, if any, up to the 7th day of February, 1922, the date of the filing of the petition herein, and such further sum as will fairly represent the present cash value of what he otherwise would have earned and has been or will be hereafter deprived of the capacity of earning by the wrongful act of the defendant, if any; the whole finding, however, not to exceed the sum of $50,000.00."

If the appellee should amend and ask for damages for future as well as past mental and physical suffering, the court will change the instruction to conform to the pleadings and the proof. The court erred to the prejudice of defendant in overruling its motion that jury be selected in manner provided by sections 2264 and 2265 of the statutes. See L. H. & St. L. Ry. Co. v. Schwab, 127 Ky. 82, 105 S. W. 110, 31 R. 1313; L. & N. Ry. Co. v. Owens, 164 Ky. 563, 175 S. W. 1039.

This action was begun against both the defendant and its towerman, Wyatt, and both were parties to the first appeal. When the case was returned to the circuit court for a new trial, and before the jury was selected, both the corporate defendant and Wyatt moved to require the plaintiff to elect as against which of the defendants he would proceed. To this McWhorter objected, and contended that he had a right to prosecute his action against both of the defendants and under both the federal and the state law. This contention was sustained by the court, and the action thus proceeded.

In its former opinion this court exonerated the railway company from any negligence by reason of the failure of the train brakes to stop the train before it ran past KD tower, and it likewise held that Wyatt was blameless in his conduct after the train became visible to him when it emerged from the cut just south of the tower. The sole question in the second trial was Wyatt's alleged negligence in the matter of his conduct in the tower between the time of the sounding of the approach bell and the emerging of the train from the cut. It was very important, if possible, to show in some way that Wyatt was inattentive to his duties during that period. The

plaintiff himself testified to these statements made by Wyatt, just after the accident:

"He, Wyatt, asked me if I would have rode her if the block had been clear, and I told him I would, and he said he was standing down at the track and he thought the block was clear, and when he turned around when I come around the curve he looked up and seen the block was still red, and he started to run back up to throw it, and seen he couldn't have time, and he stayed there and tried to hand my orders on to me and I didn't take them, and he just stayed there and waited until the caboose came along and he handed it on to the flagman, and he didn't know why I hadn't—didn't get the orders until after the train had passed and he heard me a groaning."

And again:

"He, Wyatt, made a remark to Corder, the fellow that was in the tower with him after they carried us up there, and after he had talked to me and wanted to know if I would have rode her if I could have got a clear block—he made the remark to Corder—he says, 'Now, damn you, you see what you got me into. I have killed this engineer and crippled the fireman.' And he (Corder) says maybe they will never know anything about it, and he (Wyatt) says they done know about it, for I have told the dispatcher that you was here."

When in the trial this evidence was offered, it was admitted as to Wyatt, but excluded, by the court's special instruction, insofar as it affected appellant. After counsel for McWhorter had procured from their client this statement, they introduced two or three witnesses and then dismissed the action as to Wyatt, and immediately called him as a witness. In other words, a statement was put in the mouth of Wyatt, and then his mouth was closed. The case had been dismissed as to Wyatt, hence he could not deny this, and appellant could not ask him about it because the court had expressly excluded it so far as the appellant was concerned. By the course adopted this damaging statement was then before the jury in such a way that it could not be denied or disproved.

Defendant promptly moved to set aside the swearing of the jury and to set the case for another day. The court overruled this motion, and said:

"Gentlemen of the jury, I want very seriously to admonish you in this case not to consider at all, in any way, the evidence of the conversation between McWhorter and Wyatt that took place in the tower there, in which Wyatt was said to have made certain statements that affected the question of his acts. Since the dismissal of the suit against Wyatt, it would be highly improper for you to allow that testimony to influence you to any degree. It is your duty, if you possibly can, to dismiss it from your mind in such a way that it will have no trace of influence upon your verdict."

If it were possible to remove the harmful effect of such an undeniable statement, these remarks would have done so, but we cannot feel that the effect of those statements could be removed by any admonition, and the jury should have been discharged.

See L. & N. Ry. Co. v. Carothers, 23 R. 1673, 65 S. W. 833, 66 S. W. 385; Stearns Coal & Lumber Co. v. Williams, 177 Ky. 698, 198 S. W. 54.

Defendant contends this verdict is excessive and it does look large, but we are not now passing on that question, and it is expressly reserved.

The judgment is reversed and the cause remanded for further proceedings consistent herewith.

The whole court sitting.