CASE 87—ACTION BY WILLIAM L. MILLER AGAINST METROPOLITAN
LIFE INSURANCE COMPANY, &C. FOR MALICIOUS PROSECUTION.—
FEB. 10.

# Metropolitan Life Ins. Co., &c. v. Miller.

APPEAL FROM M'CRACKEN CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANTS APPEAL.    REVERSED.

MALICIOUS PROSECUTION—PROBABLE CAUSE—QUESTION FOR COURT—
INSTRUCTIONS—MALICE.

Held:    1. What facts are sufficient to constitute probable cause, in
an action for malicious prosecution, is a question of law, for
the court.

2. Where, in an action for malicious prosecution, it was clearly
proved that plaintiff had collected money for defendant insur-
ance company, and had not charged himself with it or accounted
therefor, and had failed to make good the amount after the
default was discovered, it was error to fail to charge that, if
the jury believed such facts, then there was probable cause
for plaintiff's arrest, and they should find for defendant.

3. In an action for malicious prosecution, plaintiff must prove mal-
ice in fact, which is an evil or unlawful purpose in causing
plaintiff's arrest, as distinguished from a motive to promote
justice.

J. D. MOCQUOT AND JAMES CAMPBELL, ATTORNEYS FOR APPEL-
LANTS.

Appellee, Miller, was agent for the appellant, Metropolitan
Life Insurance Company, and the National Surety Company
was surety on his bond as such agent.    A. C. Willi and J.
K. Grief were officers of said life insurance company.    Ap-
pellee was entitled to a certain commission on all the business
he solicited for the company.    After he quit the employment
of the company it was ascertained that he had failed to ac-
count for some collections that he had made to the amount of
$18.30 and probably more which he refused to pay.    Upon
consultation between the life insurance company, the National
Surety Company officers, Willi and Grief, with attorney Moc-
quot, it was decided under the advice of said attorney to
take out a warrant against Miller for embezzlement.    The war-

rant was obtained and upon a hearing before the examining court, the county attorney not being present, the case was dismissed without a hearing, and the appellee then brought this suit against all the parties for damages, resulting in a judgment for the plaintiff for $1,800 against the insurance company, the surety company and officers, Willi and Grier, from which judgment this appeal is prosecuted.

The reasons urged for a reversal may be generally stated under three heads:

1. Refusal of the court to peremptorily instruct the jury to find for the defendants upon their motion.

2. Error in the admission of testimony.

3. Error of the court in instructing the jury on the trial and refusal to give proper instructions.

(1) We claim that in proceedings in these cases the liability of the prosecuting witness depends not upon the guilt or innocence of the plaintiff, but whether or not the defendant acted upon probable cause and without malice.

(2) That when a defendant shows facts to have existed, known to him, which would lead a person of ordinary intelligence to believe a crime had been committed, or when he consults a competent attorney, laying before him all the facts which he knew or could by ordinary diligence have ascertained, and is advised by said attorney that the crime has been committed, and acts upon the facts within his knowledge and upon the advice of the attorney, he has made out a case of probable cause.

(3) In this case there being no dispute as to the facts as to what information the prosecuting witness acted upon; no dispute as to the consultation with attorney Mocquot and the county attorney; no testimony showing bad faith in seeking legal advice, or that it was unfairly sought or acted on, we insist that the court should have applied the law and charged the jury peremptorily as asked.

(4) The instructions given to the jury by the court do not properly define probable cause. The jury are not told that Willi and the other defendants could have acted upon facts which would induce a person of ordinary prudence to believe Miller guilty of the charge, or that Willi could have acted upon facts which came to his knowledge from sources other than his own notice.

### AUTHORITIES CITED.

Meyer v. L., St. L. & T. Ry. Co., 17 R., 945; Davis v. Cassidy, 23 R., 955; Mark & Muse v. Christian, 22 R., 1103; Ahrens & Ott Mfg. Co. v. Hocher, 21 R., 299; Moore v. Large,

20 R., 409; Branham v. Berry, 4 R., 357, 412; Redman v. Stowers, 11 R., 429; Rives v. Wood, 12 R., 692; Lancaster v. Langston, 18 R., 299; Alexander v. Reid, 19 R., 1636; Faris v. Starkie, 3 B. Monroe, 4; 1 Greenleaf on Evidence, sec. 577, p. 722.

HENDRICK & MILLER, FOR APPELLEE.

### POINTS DISCUSSED.

1. Case stated.

2. In action for malicious prosecution, it is proper to charge conspiracy and confederation to coerce wrongfully and fraudulently the payment of a pretended and unjust claim by use of criminal process; such an effort being at common law an unlawful act, and made such by Kentucky Statutes, section 1241, subsection 1, and section 1341.

(a) Such conspiracy furnishes grounds for an action "on the case," besides being commonly pleaded in actions for malicious prosecution as showing aggravation.

(b) Necessary and proper where advice of counsel is claimed as ground or probable cause for the prosecution.

(c) And especially when the attorney is an alleged co-conspirator.

(d) And if not proper in petition, it certainly would be in reply to answer pleading the privilege of an attorney.

(e) Where a conspiracy is shown, each conspirator is liable for the acts of co-conspirators, and admissions or confessions of one may be shown in evidence against all. Metcalfe, &c. v. Connor, &c., Littell's Select Cases, 497; Mott v. Danforth, 31 American Decisions, 468 and 6 Watts, 304; Adams v. Page, 7 Pick, 542; Smith v. Nippert, 76 Wis., 86, and 20 Amer. St. R., 26; Davenport v. Lynch, 6 Jones (N. C.), 340; Kimball v. Horton, 6 Am. Rep., 340; Christian v. Commonwealth, 13 Bush, 264; Commonwealth v. Webster, 56 Am. Dec., 711. (famous case); Shotwell v. Commonwealth, 23 Ky. Law Rep., 1649; Wood v. Weir, &c., 5 B. Monroe, 542.

3. The court did not err in overruling the motions of appellants for peremptory instructions and for new trial, evidence being abundant to show that all four of the appellants, with their attorney, the defendant, Mocquot, to whom a new trial was granted, actively engaged in bringing about the prosecution of plaintiff, in order to force him to pay a pretended claim then in the hands of Mocquot, and to set an example to the other agents of the insurance company, that they must comply with the rule of the company to be responsible for what is known as "execessive arrears," due from policyholders who had

failed to pay; the parties all making a mere feint and pretense of prosecution, and dropping and abandoning same as soon as it was discovered that plaintiff would not pay, but would contest the point and make his defense; the defendants below first bitterly denying that they were engaged or concerned in the prosecution, but when same was proved then admitting they did it, and claiming they were justified in so doing.

4. Witness may swear to handwriting of one, though he never saw the party actually write, if the witness has personal knowledge of the party's handwriting, "by having seen writings purporting to be his and afterward admitted by him, or with his knowledge and acquiescence acted on as his, or adopted into the ordinary transactions of life as his." In this case, the witness being the agent and correspondent of the company in Paducah, and the person writing the letters being the secretary of the said company and carrying on a large correspondence with the witness, exchanging letters, and sending checks to witness, which were cashed and no complaint afterwards made. Hawkins v. Grimes, 13 B. Monroe, 264; Fee v. Taylor, 83 Ky., 259; 1st Greenleaf on Evidence, sec. 577.

5. Witness may be required to answer any question tending to degrade him, not showing him guilty of any crime for which he could be afterwards convicted. Mitchell v. Commonwealth, 12 Ky. Law Rep., 418; McCampbell v. McCampbell, 21 Ky. Law Rep., 552-554; 1st Greenleaf on Evidence, 15th ed., sec. 454.

6. Letter having been written, stamped and mailed in a United States postoffice to appellant's address in New York, it is presumed to have been received by appellant. Shields v. Lewis, 20 Ky. Law Rep., 1601.

7. Instructions were more favorable to appellants than they had a right to expect; and having objected to an instruction upon one point offered by appellee and said objection having been sustained by the court, appellants can not complain that a similar instruction offered by them was refused.

OPINION OF THE COURT BY JUDGE HOBSON—REVERSING.

Appellee, Miller, was agent for appellant Metropolitan Life Insurance Company, and appellant the National Surety Company was surety on his bond. It was the duty of Miller to pay over to the company weekly all the money he collected, and his commissions were paid back to him

by the company, from the home office a few days later. The mode of doing the business was to collect the premiums from the policyholder weekly. The policyholder had a book, and in this his weekly payments were entered by the agent when made. The agent had a similar book, in which the payments were also entered, and he settled weekly with the superintendent by his book. Once in three months the agent's book was compared with the policyholders' books, to see if he had accounted to the company on his book for all the money that he had collected, as shown by the policyholders's books. Miller left the service of the company in December, 1899. The superintendent then went around with Miller, comparing his book with the policyholders' books, and found that Miller had not entered on his book some collections he had made, amounting to $9.34, and Miller executed to the company his due bill for the amount. Subsequent investigation showed that he was behind in a larger amount, and, while he says that he did not agree as to the correctness of the settlement, the weight of the evidence is the other way. Still he paid nothing, and on January 25, 1900, his surety in his bond, the National Surety Company wrote him a letter, telling him that it had paid the insurance company $15.58 for a shortage in his account, and calling on him to reimburse it. To this letter he made no reply. On February 20th the surety company again wrote him in regard to the shortage it had paid, and to this letter he made no reply. The agents of the insurance company had some interviews with him near this time about settling the remainder of the shortage, but nothing came of it. Things ran along for some months, and then, at the request of the surety company, the insurance company directed its agent to institute a criminal proceeding against Miller for

embezzlement.    A consultation was held with an attorney, and on his advice a warrant was issued on July 14, 1900. Miller was arrested under the warrant, remaining in custody about an hour before he gave bond.    This was on Saturday.    The case was called on Monday morning, and laid over until Thursday; one of the witnesses having left the State.    On Thursday morning, before the county attorney reached the court house, the case was called again; and there being no witnesses present, and no one to prosecute, the case was dismissed.    Miller then filed this suit to recover damages of the two corporations, and their agents taking the proceeding against him, on the ground that the prosecution was malicious and without probable cause.    The jury found in favor of the plaintiff, and assessed the damages at $1,800, and the defendants have appealed.

The court properly instructed the jury as to the advice of counsel, constituting probable cause, but he did not give any instruction on the probable cause outside of the advice of counsel.    The rule is that what facts constitute probable cause is a question of law, for the court, and that the court must, by its instruction, inform the jury what these facts are, and let them determine from the evidence whether the facts exist, where the evidence is conflicting.    Anderson v. Columbia Finance & Trust Company (20 R., 1790), 50 S. W., 40; Ahrens & Ott Manufacturing Co. v. Hoeher (106 Ky., 692) (21 R., 259), 51 S. W., 194.

Appellant was charged in the criminal proceeding with the crime of embezzlement, under section 1202, Kentucky Statutes, which provides, among other things, that if an agent of any corporation shall embezzle or fraudulently convert to his own use, or the use of another, any money, property, or effects of the corporation coming into his

hands, as such agent, he shall be confined in the penitentiary not less than one year nor more than ten years. Embezzlement is defined as the fraudulent appropriation or conversion of the property of another by one who is intrusted with the possession.    2 Bishop, Criminal Law, section 325 (2) ; 10 Am. & Eng. Ency. of Law, 978.    The words, therefore, "embezzle and fraudulently convert," are synonymous.    To constitute the offense, it is necessary there must be a criminal intent; but, where the money of the principal is knowingly used by the agent in violation of his duty, it is none the less embezzlement because at the time he intended to restore it.    10 Am. & Eng. Ency. of Law, 996, 997, and notes.    The proof before the jury showed very clearly that Miller had collected the money of the insurance company, and had not charged himself with it or accounted for it, and had failed to make good the amount after the default was discovered.    It is true, he testified that the balance against him did not arise in this way, but under the proof this was a question for the jury; and the court should have instructed them that if the agent or agents of the company in taking out the warrant believed, and had such grounds as would induce a man of ordinary prudence to believe, that Miller, while agent for the insurance company, had collected and received money belonging to the company, and had fraudulently kept the same, and had failed to pay it to the company or its authorized agent, then there was probable cause for taking out the warrant, and they should find for the defendant.    The instructions of the court, as given to the jury gave them no light as to what constituted embezzlement or fraudulent conversion; and although the defendants may, in the judgment of the jury, have shown that they had reasonable cause to believe Miller in fact guilty, as above defined, the

jury were required by the instruction to find for the plaintiff.

Instruction "f" asked by the defendants is not as favorable to them as the law warrants, in that the definition of malice therein is not as favorable to the defendants as that established by the authorities elsewhere, and heretofore sanctioned by this court. In a proceeding of this kind, there must be malice in fact. This is not necessarily ill will to the defendant, but it is any evil or unlawful purpose, as distinguished from that of promoting justice. Ahrens & Ott v. Hoeher, supra. With this modification, instruction "f" should have been given, to the effect that there must be both malice and a want of probable cause, to justify a recovery, although, as a matter of fact, plaintiff was innocent of the charge. For the question in this case is not the guilt or innocence of Miller of the crime of embezzlement, but whether the defendants, at the time they took out the warrant, had probable cause to believe him guilty. If they had such cause, there can be no recovery, no matter how clearly the evidence may now show that Miller was innocent.

Judgment reversed and cause remanded with directions to grant appellants a new trial.

Petition for rehearing by appellee overruled.