## Schwartz v. Boswell.

(Decided November 25, 1913).

### Appeal from Jefferson Circuit Court (Common Pleas Division No. 4).

1. Malicious Prosecution—Evidence.—In an action for malicious prosecution, defendant will not be permitted to prove the conviction of plaintiff's companion on the occasion when the alleged acts of disorderly conduct occurred, for which defendant caused warrants to issue against both plaintiff and his said companion.

2. Malicious Prosecution—Pleading.—A demurrer to the second paragraph of answer in an action for malicious prosecution, pleading that the clerk of the Louisville Police Court, to whom defendant made his complaint only had authority to issue a summons; that he without authority issued a warrant, thereby causing the arrest and damage to plaintiff, was properly sustained, upon the ground that such clerk has authority to issue warrants of arrest.

3. Malicious Prosecution—Probable Cause—Malice—Instructions.—It is error to instruct the jury in an action for malicious prosecution that there must be the expectation on the part of the prosecutor of causing the conviction of the party arrested on the charge preferred; it is only necessary that he entertain a reasonable, honest and strong suspicion that the person arrested is guilty of the offense for which he was so arrested and prosecuted.

   Malice in malicious prosecution is the intentional doing of a wrongful act to the injury of another, with an evil or unlawful purpose. The court should tell the jury what facts constitute probable cause, and let the jury determine whether said facts are proven.

4. Malicious Prosecution—Damages.—Damages to reputation, in an action for malicious prosecution, need not be specially plead nor proved.

HENRY PIRTLE for appellant.

CHAS. A. WILSON for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Reversing.

Appellee, C. E. Boswell, brought this action in the Jefferson Circuit Court, against appellant, George W. Schwartz, alleging that on February 6th, 1911, said Schwartz falsely, maliciously and without probable cause, made oath before the clerk of the Louisville Police Court that he, the said Boswell, had been guilty of the offense of disorderly conduct; and further charging that said Schwartz procured and caused a warrant of arrest

to be issued by said clerk against said appellee on said charge; that under the warrant so issued he was arrested, presented before the said Louisville Police Court, tried, and promptly discharged; and praying damages therefor in the sum of $15,000.

Appellant, Schwartz, answered in two paragraphs, each of which was thereafter made more complete by amendment; the first being a general denial of the averments of the petition; and the second being in substance a denial of authority upon the part of said clerk to issue the warrant of arrest in question, and denying liability upon the ground that the issual of such warrant was not contemplated by said appellant when he made complaint before said clerk, and that he was not liable for the mistake or wrongful act of the clerk in issuing said warrant. A demurrer to the second paragraph of the answer was sustained by the court; and upon a trial of the case, the jury returned a verdict in plaintiff's favor in the sum of $200. To reverse the judgment entered thereupon, this appeal is prosecuted; and appellant seeks a reversal upon four grounds, which will be taken up and considered in their order.

It is first claimed by appellant that the court should have instructed the jury to find a verdict for him, for the reason that the proof failed to show a want of probable cause for the prosecution. The evidence in the case for plaintiff was to the effect that plaintiff and his son-in-law, N. H. Wright, went to the Bryant & Stratton Business College, of which defendant is president, on the fifth day of February, 1911, and there requested the transfer upon the stock-records of the said business college, a corporation, of certain shares of the capital stock of said corporation, which had been purchased by appellee from his son-in-law, Wright; and thereupon, an altercation arose. As to what actually occurred, the testimony is conflicting, but the evidence of plaintiff shows that he took no part in the trouble, and also that defendant had some ill-will toward him because of former business relations. This was sufficient to take the case to the jury. Meyer v. Louisville, Etc., Ry., Co., 98 Ky., 365; Lancaster v. McKay, 103 Ky., 616.

Appellant's second complaint is that the lower court erred in refusing to permit appellant to prove that appellee's son-in-law, N. H. Wright, who was included in the warrant of arrest, so issued against appellee, was

convicted in the Louisville Police Court, of the offense of disorderly conduct under said warrant. The mere fact that Wright was convicted upon that charge could not affect the inquiry into the conduct of appellee upon that occasion. Probable cause for the arrest and prosecution of Wright would not constitute probable cause for the arrest and prosecution of appellee, nor can we see how it could be competent to support the testimony offered upon that issue; for the act of appellant in causing the arrest of appellee must stand the test of trial alone and free from any inferences that might be deduced from the conviction of appellee's companion on the occasion mentioned. If Wright had been acquitted upon said charge, and appellee had offered to prove the acquittal as tending to support his contention as to the want of probable cause for the prosecution of himself, appellant would no doubt have offered most earnest objection to such testimony. Wright's guilt or innocence had nothing to do with the issues upon this trial. This evidence was not competent, and was properly rejected.

Appellant's third complaint is that the lower court erred in sustaining the demurrer to the second paragraph of his answer. As has been seen, the first paragraph of the answer tendered the general issue; and the second paragraph was a plea to the effect that defendant made oath before the clerk of the Louisville Police Court that a public offense had been committed by plaintiff, but that he did no other thing; that the clerk wrongfully issued a warrant of arrest, when he had authority only to issue a summons, under which plaintiff could not have been arrested; and, therefore, that defendant was not liable for the reason that the petition alleges that plaintiff was damaged *"by reason of said arrest under said warrant."*

Appellant claims error in sustaining the demurrer to this plea, (1) upon the grounds of the sufficiency of the pleading as interposing an absolute defense by way of confession and avoidance, arguing that had the clerk issued only a summons, there would have been no arrest; and without an arrest, there would have been no damage; and (2) that even though he was answerable for the mistaken or unauthorized act of the said clerk, although the same was not under his control nor directly participated in by him, still that the facts pleaded should

go in mitigation of damages as evidencing want of malice.

Upon both of these grounds, however, the determining inquiry is whether the clerk of the Louisville Police Court had authority to issue the warrant of arrest; if he had, then the demurrer was properly sustained, for the alleged want of such authority is the basis of the plea. The charge upon which appellee was arrested was that of disorderly conduct, a violation of a municipal ordinance of the city of Louisville, the highest legal penalty for which is a fine of $50. It was, therefore, capable of prosecution by either summons or warrant. Criminal Code, sections 10 and 306.

Appellant's contention in respect to the want of authority upon the part of said clerk to issue a warrant of arrest, is based upon sections 310 and 312 of the Criminal Code. The former provides that upon information given by a peace officer, or by a private person on oath, to the clerk of the court, that an offense within the jurisdiction of said court, and not requiring an indictment for its prosecution, has been committed, the clerk shall issue a summons against the offender. The latter provides that upon information on oath made to the judge of the court, he may order a warrant or arrest to be issued, which shall be similar to the summons except in the command to arrest the offender instead of summons him.

But the authority of the clerk of the Louisville Police Court to issue a warrant of arrest will be found in section 2934, Kentucky Statutes, which reads as follows:

"Said clerk or his deputy shall have authority to issue all proper mesne and final process in cases cognizable by said court, or which have been adjudicated."

This section of the statutes was enacted pursuant to section 156 of the present Constitution; and in so far as their provisions are inconsistent, it repeals the sections of the Criminal Code above mentioned, having been enacted since the adoption of the Code. City of Mt. Sterling v. Holly, 108 Ky., 621, 57 S. W., 491, 22 R., 358.

We conclude, therefore, that the clerk had authority to issue the warrant of arrest; and that the lower court properly sustained the demurrer to the second paragraph of the answer.

This conclusion, however, does not carry with it any implication of approval of the act of the clerk in issuing the said warrant in this instance. It is the policy of the

law in Kentucky that warrants of arrest shall not be issued except in cases where a summons will not serve as well. Criminal Code, sections 10, 148, 149, 326 and 327. This defendant in the warrant was a resident of the city, with a family, and an established business. The offense was trivial, and there could have been no reason to believe that he would attempt to escape punishment; and a summons would have served as well as a warrant.

Finally, appellant complains of errors in the instructions. The first instruction complained of is as follows: "No. 4. Malice means the intentional doing of a wrongful act without just cause of excuse." An instruction in practically these identical words was held erroneous by this court in the case of Ahrens & Ott v. Hoeher, 106 Ky., 692, 51 S. W., 194, 21 R., 299, cited and approved in Metropolitan, Etc. v. Miller, 114 Ky., 754, 71 S. W., 921, 24 R., 1561. In defining malice, the jury should be instructed, that it is the intentional doing of a wrongful act to the injury of another, with an evil, or unlawful motive, or purpose. The instruction given authorized the jury to find for plaintiff if they believed (1) that the suing out of the warrant was *intentional*, (2) that it was *wrongful*, and (3) that it was done *without just cause or excuse*. If the party arrested is innocent, the prosecution is always *wrongful*, and *without just cause or excuse*, and the procuring of the warrant *intentional*. Therefore under the instruction given, all that would be necessary to authorize a recovery would be for plaintiff to establish his innocence of the charge. It precludes the consideration of purpose, or motive, on the part of the prosecutor; and there *must* be an evil or unlawful purpose before a recovery is authorized.

The second instruction complained of by appellant is as follows:

"No. 3. Reasonable and probable cause means such cause as would induce a reasonably cautious and prudent person to have another arrested under the same or similar circumstances as are shown by the evidence in this case, *with the expectation of causing a conviction of the party arrested on the charge preferred*."

Two grounds of objection to this instruction are presented; (1) that the instruction wholly fails to inform the jury as to what facts would constitute probable cause; and (2) that the instruction should require upon the part of the prosecutor only an honest, reasonable

and strong suspicion that the person arrested and prosecuted *is guilty* of the offense charged.

As to the first ground of objection to this instruction, it was said by this court in the case of Ahrens & Ott v. Hoeher, supra, that the court should tell the jury what facts constitute probable cause, and let them determine in a case like this whether these facts are proven. Whether certain facts constitute probable cause is a question of law for the court; but, whether such facts are proven, is for the jury. So, the court should have instructed the jury hypothetically within the range of the facts which the evidence tends to establish, as to what would constitute probable cause, and thus have left to the jury the determination only of whether such facts were proven. 26 Cyc., 109.

Upon the state of facts in this record, the court in defining probable cause should have given the following instructions:

"If the jury should believe from the evidence that the defendant at the time he procured the issual of the warrant of arrest complained of, believed and had such grounds as would induce a man of ordinary prudence to believe, that plaintiff on the occasion mentioned in the evidence, attempted to assault him; or did, or said anything of, a violent nature, calculated to disturb the peace and good order of the persons present; then and in that event there was probable cause for procuring the issual of the warrant. Otherwise, there was not such probable cause."

As to the second complaint respecting this instruction, the law does not require upon the part of the prosecutor an expectation of causing the conviction of the person arrested upon the charge preferred. Circumstances over which the prosecutor may have no control might cause him to doubt a conviction notwithstanding the guilt of the party charged, yet the prosecutor would be justified in commencing the prosecution. Often a prosecution is commenced, under perfectly justifiable circumstances, for the purpose of putting a stop to violations of a law, with no expectation of the case going to trial; or, a prosecution might be commenced in a community or before a tribunal, in which under all the circumstances, the prosecutor could not expect a conviction notwithstanding the guilt of the person charged. The law requires only a reasonable, honest and strong belief upon the part of the prosecutor, that the person

arrested *is guilty* of the offense for which he is arrested and prosecuted. Lancaster v. McKay, 103 Ky., 617, 45 S. W., 887, and cases cited therein. 26 Cyc., page 24 (note) and page 29. It would be against public policy to adopt so harsh a rule as to require that every lover of justice who desires to enforce the law, must expect a conviction in every case before commencing the prosecution.

The remaining instruction of which appellant complains is as follows:

"If you find for the plaintiff you shall find in such sum as will reasonably and fairly compensate him for any mortification or humiliation caused him by the arrest and prosecution upon the charge of disorderly conduct, of for any damage done his reputation or character in the community in which he resides, not exceeding the sum of $15,000, the amount claimed in the petition."

The objection is that damage to reputation is neither charged nor proven. But recovery may be had for injury to the reputation under the general plea. The law presumes injury to the reputation of the person by reason of having been taken into the custody of an officer, charged with a public offense. The nature of the charge upon which he was arrested, should of course, be considered by the jury in determining the extent of such injury. But, notwithstanding the fact that the charge may be without foundation, the fact that he has been arrested remains, and is presumed to be injurious to his reputation, though the injury may be but slight. Appellant also contends that the instruction is erroneous because there was no evidence relative to the reputation of appellee. It was shown that he was fifty-seven years of age; had resided in the city of Louisville for twenty-seven years; and was never before arrested. This is some evidence bearing upon his good reputation for observing the law; and without any evidence to the contrary, and there is none, is sufficient to show his good reputation for peacefulness. This instruction is, therefore, in proper form.

For the errors above indicated in instructions No. 3 and No. 4 the judgment is reversed, and this cause is remanded for a new trial in conformity to the views herein expressed.

Whole court sitting.