## Stearns Coal Company v. Johnson.

(Decided March 27, 1931.)

· 248

WM. E. BERRY for appellant.

WALLACE McKAY for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER— Reversing.

The Stearns Coal Company is engaged in the retail coal business in the city of Louisville, and sold coal to Allan Johnson. He failed to pay for the coal, and the Stearns Coal Company placed the claim in the hands of the Bonded Adjustment Company for collection. The Bonded Adjustment Company, on July 1, 1928, wrote Johnson requesting him to pay the account; failing to hear from him, it placed the account in the hands of an attorney for suit. The suit was filed in the magistrate's court on July 16, 1928. Judgment was rendered for the plaintiff on July 25; execution was issued on the judgment and returned "no property found" on August 6, 1928, and on the same day the attorney filed, in the magistrate's court, an action to enforce satisfaction of the judgment under section 439 of the Code of Civil Practice, and praying that Johnson be required to appear and disclose what property he had. Johnson failed to appear

as required by the summons, and on August 1, 1928, a personal attachment was issued requiring the officer to arrest him and bring him before the court. The officer arrested Johnson under the personal attachment and permitted him to give bond, signed only by himself, for his appearance the next day, he paying the officer 50 cents for taking the bond. The next day he appeared in court, and then these facts developed: After Johnson got the letter from the Bonded Adjustment Company demanding payment of the account, he went to the office of the Stearns Coal Company on July 13 and paid the company $8 on the account; on July 20 he was told by the appellant that the amount of the cost then accrued was $1.85, and he paid it $7.00, the balance of the account, and $1.85 cost. On these facts the magistrate told Johnson he could go, and thereupon Johnson brought this suit against the Bonded Adjustment Company and the Stearns Coal Company to recover damages for his arrest, alleging that the Stearns Coal Company and the Bonded Adjustment Company maliciously and without any probable cause had the personal attachment issued and had him arrested thereunder; that all their acts therein were wrongful, malicious, and without probable cause, to his great humiliation, pain, and shame, and thereby his good name had been injured. The allegations of the petition were denied by answer, which affirmatively pleaded the facts above stated. The allegations of the answer were denied by reply. At the conclusion of the evidence the court instructed the jury peremptorily to find for the Bonded Adjustment Company and instructed them peremptorily to find for Johnson against the Stearns Coal Company the damages he sustained by reason of his arrest. The jury found for him $225, and the Stearns Coal Company prayed an appeal.

Johnson testified to these facts as to what occurred at the office of the Stearns Coal Company when he paid them the money: ''I said that I had come in to pay the balance of the money. The man said he didn't believe he could take this money. I asked him why and he said because they had it in the hands of the Bonded Adjustment Company. He said 'Wait a minute I will call up.' He called up the Bonded Adjustment Company and asked if they could take this $7.00 and they said they could provided I paid the costs of court. So I asked him how much it was. He said $1.85, so I paid it.'' Johnson says after he was served with the second paper he went

to the magistrate and said: " 'This is Allan Johnson. I come out to see about the account' and the magistrate then said: 'You will have to come back for trial.' I said, 'I paid the bill' he said, 'it don't make any difference;' I said 'I paid the bill and costs,' he said 'You haven't paid enough, you will have to come back and report for trial at nine o'clock in the morning,' but I didn't go back because it was not necessary; the Stearns Coal Company told me I didn't have to bother with it, they would attend to it.'' He also says that when he was served with the bill of discovery he went to the magistrate's office the second time and there met L. S. Perrin, the plaintiff's attorney in the case, and this occurred: ''I said 'this is Allan Johnson,' he said 'Did you pay that bill?' I said 'yes, sir, I paid the bill,' he said 'Did you pay any costs?' I said 'Yes, sir, $1.85' he said 'Well all right' and I left.''

On the other hand, Perrin, who had charge of the action, testified that he had no notice that anything had been paid on the account until he saw Johnson after he had been arrested by the officer. The magistrate did not testify. The orders entered in the magistrate's court are as follows:

''Stearns Coal Co., Plaintiff, v. Allan Johnson, Defendant, Transcript.

''7/25/28—Case called, defendant failing to answer the court entered judgment for the plaintiff for the sum of $15.00 and costs, for which execution may be issued.

''8/6/28—Execution returned, 'No property found.'

''8/6/28—Petition in equity filed.

''8/13/28—Case called, on Bill of Discovery, defendant to answer a personal attachment asked for and granted.

''8/16/28—Personal attachment served.

''8/7/28—Case called and remanded.

''Costs—$8.10.

''[Signed] Chas. Fegenbush
''Justice of the Peace Jeff. County, Ky.''

The first question presented is. Is this an action for false imprisonment or for malicious prosecution? In Roberts v. Thomas, 135 Ky. 63, 121 S. W. 961, 962, 21 Ann. Cas. 456, the rule is thus stated:

''An action for false imprisonment may be maintained where the imprisonment is without legal

authority. But, where there is a valid or apparently valid power to arrest, the remedy is by an action for malicious prosecution. The want of lawful authority is an essential element in an action for false imprisonment. Malice and want of probable cause are the essentials in an action for malicious prosecution.''

Johnson was arrested under a regular personal attachment, regularly issued under the order of the court. An action for false imprisonment therefore cannot be maintained, but, if the arrest was made in an action prosecuted maliciously and with want of probable cause, he may recover.

It is earnestly insisted that the plaintiff cannot recover for a malicious prosecution, because it does not appear that there has been a final judgment in the action in which the arrest was made. Magistrates keep their records loosely and often do not use legal terms. The vague words used must be read in the light of what was done under the judgment. It is undisputed that Johnson was discharged and nothing more was done in the case. The word "remanded" must therefore be read as meaning dismissed; for this is clearly what everybody understood at the time. The order was certainly intended as the final judgment in the proceeding to coerce the personal attendance of Johnson before the court, which is the sole basis of this action.

It is well settled that in such an action malice and want of probable cause must both occur to give a right of action for malicious prosecution. As to the inference of malice from proof of want of probable cause, the rule is this: "Malice may be inferred by the jury from the want of probable cause, but this is an inference that the jury may or may not make in their discretion. The existence of malice is a question for the jury on all the evidence." Singer Sewing Machine Co. v. Dyer, 156 Ky. 161, 160 S. W. 917, 919. See also, W. T. Grant Co. v. Taylor, 223 Ky. 818, 4 S. W. (2d) 741, and Hobson, etc., on Instructions to Juries, sec. 330, and cases cited.

Probable cause is a question of law for the court, when the facts are undisputed. Stearns & Co. had no probable cause to take out the warrant of arrest after the money had been paid it. It was its duty to inform its attorney what it had done. The court therefore was authorized to take away from the jury the question of

probable cause; but the question of malice is for the jury, for the defendant is not liable unless it acted not only without probable cause, but with malice. In Louisville & N. R. Co. v. Owens, 164 Ky. 564, 175 S. W. 1039, 1042, the court thus stated the rule as to malice in such cases: "Malice is defined as 'the doing of a wrongful act without reasonagle excuse or justification. This is not the correct definition of malice in actions for malicious prosecution. In such actions the unlawful purpose is an indispensable element. On another trial the court, in lieu of the instruction referred to, will tell the jury that malice is the intentional doing of a wrongful act to the injury of another, with an evil or unlawful motive or purpose. Schwartz v. Boswell, 156 Ky. 103, 160 S. W. 748; Metropolitan, etc., v. Miller, 114 Ky. 754, 71 S. W. 921, 24 Ky. Law Rep. 1561; Ahrens & Ott Mfg. Co. v. Hoeher, 106 Ky. 692, 51 S. W. 194, 21 Ky. Law Rep. 299; Keiner v. Collins, 161 Ky. 696, 171 S. W. 399." To same effect see Cincinnati, etc., R. Co. v. Cecil, 164 Ky. 382, 175 S. W. 654.

The question of malice should have been submitted to the jury. This conclusion renders it unnecessary to determine whether the damages are excessive.

Judgment reversed, and cause remanded for a new trial.