## CRAVENS v. LONG.

Court of Appeals of Kentucky.
April 24, 1953.

Redwine & Redwine, Winchester, for appellant.

Thomas A. Waller, Winchester, for appellee.

DUNCAN, Justice.

By this action, appellant seeks damages for malicious prosecution. At the conclusion of the evidence for appellant, the lower court directed a verdict for appellee and judgment was entered accordingly. The only question we are required to determine on the appeal is whether or not the evidence, considered as favorably as possible to appellant, presented a submissible case. Appellant testified that in December, 1949, he took a truck to appellee's garage in Winchester for repairs. After being advised that the repairs were completed, appellant gave appellee a check for $63.38, stating that he wanted to try out the truck for the purpose of determining if the repairs were satisfactory and if found to be so he would return and take up the check by paying cash since he had no money in the bank at that time. The repairs were found to be unsatisfactory and the truck was returned to the appellee's garage, where it remained until December 29, when it was repossessed by the Citizens Finance Company under a conditional sales agreement dated May 11, 1949. In the meantime, the check was presented to the bank upon which it was

drawn and payment was refused because of insufficient funds.

The sale of the truck by the Finance Company did not realize a sufficient sum to discharge its secured indebtedness, and appellee was never paid for the repairs which he had made.

A warrant of arrest was procured from the county judge, charging appellant with the offense of uttering a cold check, and the warrant was dismissed in January, 1951. Subsequently, in September, 1951, an indictment was returned in the Clark Circuit Court, charging appellant with the same offense. Upon his trial in that court, he was found not guilty.

The lower court sustained the motion for a peremptory instruction because appellant had failed to introduce the warrant or indictment obtained in the criminal prosecutions. In doing so, we think the court overlooked the fact that no issue was raised by the pleadings concerning the nature of the offense which is charged by the warrant and indictment. The answer, as amended, specifically admits that a warrant was issued and an indictment returned, each of which charged the statutory offense of uttering a cold check. The answer further admits that appellee procured the warrant and appeared before the grand jury.

Although the pleadings in a civil action may not be considered by the jury unless formally introduced in evidence, it is nevertheless fundamental that no evidence is required concerning a fact or facts which are admitted by the pleadings. We, therefore, conclude that it was unnecessary to appellant's case that he introduce either the warrant or indictment upon which he was tried in the criminal actions.

Appellee insists that a directed verdict in his favor was proper in any event because there was no evidence that appellee acted maliciously and without probable cause in procuring the criminal prosecutions against appellant.

The indispensable elements of an action for malicious prosecution which must affirmatively appear are; (1) that the defendant was the proximate and efficient cause of putting the law in motion against the plaintiff; (2) that he did so maliciously; and (3) without probable cause. When the three elements concur, the action may lie as the result of the prosecution of a civil as well as a criminal action. Malice may be inferred from the want of probable cause but the absence of probable cause is never presumed and must always be shown affirmatively. Stearns Coal Co. v. Johnson, 238 Ky. 247, 37 S.W.2d 38; Hendrie v. Perkins, 240 Ky. 366, 42 S.W.2d 502.

If the facts related by appellant are true, and in considering the propriety of the directed verdict we must so consider them, his delivery of the check under the circumstances described did not constitute a criminal offense. In the absence of some explanation by appellee, we think the institution of what we must consider on the record before us as a groundless prosecution presents sufficient evidence of malice and of the absence of probable cause to have required the court to overrule the motion for a directed verdict.

Advice of counsel was relied upon as one of appellee's defenses. Advice of counsel when honestly obtained by stating all relevant facts within the knowledge of a defendant is conclusive proof of probable cause. Lexington Cab Co. v. Terrell, 282 Ky. 70, 137 S.W.2d 721. However, since the directed verdict was given at the conclusion of appellant's evidence, we do not reach that defense upon this appeal.

Appellant insists that his general demurrer to the answer as amended should have been sustained because it did not sufficiently allege a full disclosure of facts to counsel upon whose advice the prosecution was commenced. The defense of advice of counsel may be presented under a general traverse without alleging it affirmatively. Emler v. Fox, 172 Ky. 290, 189 S.W. 469; Kroger Grocery Co. v. Hamlin, 193 Ky. 116, 235 S.W. 4. The demurrer was properly overruled.

For the reasons indicated, the judgment is reversed for proceedings consistent with this opinion.