**James Edward MILLER, Appellant,**

v.

**JEFFERSON COUNTY POLICE DEPARTMENT, Members of the Fiscal Court, Louis J. Hollenbach III, Judge, Thomas C. Helm, Commissioner, Bob Kirchdorfer, Commissioner, Earl J. Hartlage, Commissioner, Larry Johnson and Gayle Fisher, Appellees.**

Court of Appeals of Kentucky.

July 28, 1978.

F. Thomas Conway, Robinson, Tackett, DeMoss & Conway, P. S. C., Louisville, for appellant.

Donald F. Zeller, Asst. Jefferson County Atty., Louisville, for appellees, Jefferson County Police Dept., Members of the Fiscal Court, and Officer Gayle Fisher.

Lawrence Elswit, Larry D. Beale, Legal Aid Society, Louisville, for appellee Johnson.

Before GANT, HOWARD and HOWERTON, JJ.

HOWERTON, Judge.

Appellant, James Edward Miller (hereinafter referred to as Miller), was arrested on February 12, 1976, on a warrant for wanton endangerment and harassment obtained on a complaint by the appellee, Larry Johnson (hereinafter referred to as Johnson). The charges were subsequently dismissed, and Miller brought this action, alleging false arrest or imprisonment and malicious prosecution.

Miller sued Johnson, who obtained the warrant, and Gayle Fisher, the police officer who investigated the offenses. Miller also sued the Jefferson County Police Department, the members of the Jefferson County Fiscal Court, and Officer Plyler who served the warrant and who is not a party to this appeal.

Through a series of three summary judgments in favor of the defendants, Miller's complaint was totally dismissed. Unfortunately, the summary judgments gave no reasoning, but having reviewed the whole record, together with reading the briefs and hearing the arguments of counsel, we can conclude that the action was properly dismissed for several reasons.

Sovereign immunity was available for the Jefferson County Police Department, and there was absolutely no cause of action, as a matter of law, against the individual members of the fiscal court or the officer who served the warrant. However, the judgments in favor of Johnson and Officer Gayle Fisher (hereinafter referred to as Officer Fisher) require more thorough and serious consideration.

The facts creating this problem need further elaboration. Miller sold his 1963 Dodge on January 5, 1976, and completed the transfer by recording the necessary documents in the Jefferson County Court Clerk's Office. On February 10, 1976, someone driving the vehicle harassed Johnson during the day. That night, someone fired shots into Johnson's dwelling, and a neighbor who witnessed the shooting described the 1963 Dodge as the vehicle from which the shots were fired.

Officer Fisher investigated the incident and called in the license number to the police department for an identification. He was given Miller's name and address, which he wrote down and gave to Johnson. Johnson alleged in his cross-claim and in his deposition that Officer Fisher advised him to take a warrant for Miller. Officer Fisher was deposed and contended that he did not attempt to induce Johnson to take a warrant and that he made no statement regarding where or for what to obtain a warrant. Furthermore, Officer Fisher testified that he told Johnson he would watch his house through the night in order to determine who might be driving the vehicle because the driver might not be the registered owner.

The next morning, Johnson obtained a warrant from a Jefferson County official, and Miller's problems began.

Miller's complaint against Johnson was primarily for malicious prosecution. Two essential elements are lacking. There was no malice, and although the concept of probable cause may be stretched in this case, it nevertheless seems to be satisfied. See *Mink v. Stratton,* Ky., 499 S.W.2d 291

(1973), which is a somewhat analogous case. More evidence would be desirable for obtaining a warrant than merely such information as the name and address of the latest record owner of a vehicle. Even if Miller had been the owner of the vehicle at the time of the incident, the vehicle could have been driven by another person without Miller's knowledge or at least without his knowledge of any crime.

Nevertheless, Johnson presented the information to an official who saw fit to issue the warrant. The issuing magistrate made the determination that there was probable cause for the warrant. Neither Johnson or Officer Fisher actually made that decision, and there is no evidence that Johnson added any false information to support his complaint for the warrant.

Even if we determined that there was no probable cause to obtain a warrant, we could not infer malice from the circumstances in this case. Certainly there was no actual malice. Johnson had been wronged, and he wanted justice for the offender. He did not know Miller, and in no way did Johnson act out of malice toward Miller. The summary judgment in favor of Johnson was proper. Malice may not be merely presumed. *Cravens v. Long,* Ky., 257 S.W.2d 548 (1953), and *Hendrie v. Perkins,* 240 Ky. 366, 42 S.W.2d 502 (1931).

There is a factual dispute as to what encouragement or inducement was given by Officer Fisher to Johnson, but this is not an issue of material fact requiring a reversal of the summary judgment and a remand for further proof. The warrant was issued on the basis of the affidavit filed by Johnson. The arrest of Miller was caused by the issuance of the warrant. Even if Officer Fisher suggested a warrant, it does not mean that a warrant would ever be issued, unless there was probable cause and the sworn facts justified a warrant.

Police officers are hamstrung enough in carrying out their duties of law enforcement without making them subject to a lawsuit for suggesting to a crime victim that he talk to a judge about getting a warrant. We might possibly have a different result in this action, however, if Officer Fisher had arrested Miller on the mere evidence of the vehicle registration record or if it was proven that the encouragement to obtain a warrant was because of actual malice. But, none of these facts are present, and the claim against Officer Fisher was properly dismissed.

The appellees raised an issue regarding Miller's failure to respond to the motion for summary judgment, which was made on behalf of Johnson and Officer Fisher. In light of the decisions already made, we need not decide that issue.

What happened to the appellant is regrettable. He has obviously been injured, but he has no plausible remedy against these appellees.

The judgment of the trial court is affirmed.

All concur.